WILLBURN H. SCOTT v. BURLINGTON MILLS CORPORATION.

(Filed 28 November, 1956.)

**Master and Servant § 6f: Pleadings § 19b—**

A complaint alleging plaintiff's wrongful and malicious discharge from his job and wrongful blacklisting by defendant employer, but failing to allege that the discharge was in breach of any contract of employment, fails to state a cause of action for wrongful termination of the employment, since without a contract of employment a discharge is not wrongful, and therefore the complaint is not demurrable on the ground that it joined a cause of action for wrongful discharge with an action for blacklisting. G.S. 14-355.

JOHNSON, J., not sitting.
DENNY, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Preyer, J.,* 30 April, 1956 Term, GUILFORD.

The complaint alleges (a) the residence of plaintiff, the corporate existence of defendant, and the location of its mills in North Carolina; (b) that plaintiff had worked for defendant for eight years prior to 6 January, 1955, and because of such length of service was paid extra compensation when working for defendant; (c) that plaintiff was an expert weaver and when at work earned $180 every two weeks.

Section 7 of the complaint alleges:

"That on the 6th day of January, 1955, through malice and ill will and for the purpose of making an example of the plaintiff, the said plaintiff was fired from his said job as a weaver and although the plaintiff had been working for the defendant for a period of eight years straight, his termination paper was marked 'unsatisfactory work.' That such layoff paper, or discharge paper, was false. That the said defendant used this plaintiff as a 'guinea pig' to try to scare and coerce other weavers whose records were not as good as this plaintiff's and such discharge was malicious and entered into wrongfully and in violation of the General Statutes of North Carolina."

Section 8 of the complaint alleges:

"That the said defendant has blacklisted the plaintiff and, although he is an expert weaver of silk and rayon, every place he has applied for a job refused to employ the plaintiff when inquiry is made and the said Burlington Mills report to the weavers trade that the work of the plaintiff was unsatisfactory. That such blacklisting is false, untrue and has caused this plaintiff great distress in body and in mind and has caused him to lose his earnings and also his right to work; and the said defendant, by word of mouth, through its agent and by its false entry in regard to the work of the plaintiff, has prevented the plaintiff from securing work of the same kind at other plants, and in particularly at other plants of this defendant in the State of North Carolina. That the conduct of the defendant is in direct violation of the General Statutes of North Carolina, Section 14-355, and this suit is brought against the defendant as provided under said section and this plaintiff is entitled to recover penal damage in a civil action against the said defendant.

"That by reason of the defendant wrongfully blacklisting this plaintiff and by word of mouth and by written communication, the defendant has prevented this plaintiff from securing work; he has been wrongfully and maliciously discharged from his job."

Plaintiff alleges that he has sustained damages in the amount of $25,000.

Defendant demurred to the complaint for that "there is a misjoinder of causes of action in that the complaint attempts to allege an action for wrongful discharge and an action for blacklisting in the same complaint against this defendant."

The demurrer was sustained and the action dismissed. Plaintiff appealed.

*H. F. Seawell, Jr., for plaintiff appellant.*
*Brooks, McLendon, Brim & Holderness for defendant appellee.*

PER CURIAM. The complaint nowhere alleges that the discharge was in breach of any contract of employment. Without such contract, a discharge is not wrongful. No cause of action has been stated because of the termination of the employment. *May v. Power Co.*, 216 N.C. 439, 5 S.E. 2d 308; *Howell v. Credit Corp.*, 238 N.C. 442, 78 S.E. 2d 146. As only one cause of action is alleged, the judgment sustaining the demurrer is

Reversed.

JOHNSON, J., not sitting.

DENNY, J., took no part in the consideration or decision of this case.