MARK R. COMAN, PLAINTIFF-APPELLANT v. THOMAS MANUFACTURING CO., INC., DEFENDANT-APPELLEE

No. 8822SC218

(Filed 20 September 1988)

**Master and Servant § 10.2— employee "at will"—wrongful discharge—employee's refusal to violate federal regulations—failure of employee to state claim**

An employee whose contract is not for a definite term does not state a tort cause of action for wrongful discharge against his employer when he claims that the sole reason for his discharge is his refusal to violate federal Department of Transportation regulations, since such employee has a federal remedy, and creation of such a cause of action might be contrary to North Carolina's employment "at will" doctrine.

Judge WELLS dissenting.

APPEAL by plaintiff, Mark R. Coman, from *Ross (T. W.), Judge.* Judgment entered 25 January 1988 in Superior Court, DAVIDSON County. Heard in the Court of Appeals 7 September 1988.

In this civil action plaintiff seeks damages from the defendant Thomas Manufacturing Co. for wrongfully terminating his employment. Defendant moved to dismiss the complaint pursuant to Rule 12(b)(6) of the N.C. Rules of Civil Procedure for failure to state a claim upon which relief could be granted. After a hearing on the motion an order was entered dismissing the complaint against the defendant, from which the plaintiff appeals. Plaintiff's complaint contains the following allegations of fact:

In 1978 plaintiff began working part time as a long distance truck driver for defendant Thomas Manufacturing Co., Inc. In 1984 he became a full-time employee. It was plaintiff's responsibility to make long distance trips in vehicles owned by the defendant for the purpose of transporting raw materials and finished manufactured goods to various points outside North Carolina. Federal regulations promulgated by the Department of Transportation require all private motor carriers, including defendant Thomas Manufacturing Co., to keep safety records concerning the route traveled, mileage and length of service of each driver. The regulations provided that no driver of a regulated carrier may drive a vehicle for longer than a ten-hour shift which is to be followed by a rest period of not less than eight hours. Each

driver is required by the regulations to maintain accurate and complete logs of all travel on behalf of any regulated carrier.

Plaintiff alleged that he was required to make several long distance trips each week on behalf of the defendant. In order to complete the assigned number of trips plaintiff was required to drive in excess of the time allowed by the regulations of the federal Department of Transportation. Further, plaintiff alleged that he was required by defendant to make false reports of the number of hours driven in order to provide evidence that his driving hours were in compliance with the Department of Transportation regulations. When Thomas Manufacturing informed plaintiff that he would be required to drive in excess of the number of hours prescribed in the regulations, plaintiff refused to work except in compliance with the Department of Transportation regulations. Defendant then terminated the plaintiff's employment or, at least, threatened to reduce plaintiff's pay by fifty percent (50%) if plaintiff refused to work in violation of the federal regulations. Plaintiff alleged that the sole reason for his dismissal was his refusal to drive except in compliance with Department of Transportation regulations.

*Larry L. Eubanks and David F. Tamer for plaintiff appellant.*

*Petree, Stockton & Robinson, by W. R. Loftis, Jr. and Penni P. Bradshaw, for defendant appellee.*

ARNOLD, Judge.

Plaintiff contends that the trial court erred in dismissing his complaint for failure to state a claim on which relief can be granted. As the defendant made the motion pursuant to G.S. 1A-1, Rule 12(b)(6) for failure to state a claim on which relief can be granted, the allegations of the complaint set forth above must be taken as true for purposes of this appeal. *Smith v. Ford Motor Co.*, 289 N.C. 71, 80, 221 S.E. 2d 282, 288, 79 A.L.R. 3d 651, 659 (1976). Facts as presented by the complaint raise this question for appeal: Does an employee whose contract is not for a definite term state a tort cause of action for wrongful discharge against his employer when he claims that the sole reason for his discharge is his refusal to violate federal Department of Transportation regulations? For the reasons set out below we find that there is no such cause of action. We affirm the ruling of the trial court.

We note at the outset that the federal regulations in question are part of a statutory scheme to promote safe roads and include "whistleblower protections." *See* 49 U.S.C.A. App. § 2305 (1988). Thus, were we to create a state tort remedy for the violation of the Department of Transportation regulations it would be in addition to an existing federal remedy.

## I.  The "At Will" Doctrine in North Carolina

Plaintiff makes no claim to being other than an "at will" employee. The "at will" doctrine has been explained by the N. C. Supreme Court in this way: "[w]here a contract of employment does not fix a definite term, it is terminable at the will of either party, with or without cause, except in those instances in which the employee is protected by a statute." *Smith v. Ford Motor Co.*, 289 N.C. 71, 80, 221 S.E. 2d 282, 288 (1976) (citations omitted); *accord, Presnell v. Pell*, 298 N.C. 715, 260 S.E. 2d 611 (1979). The "at will" doctrine in North Carolina is a departure from the English Common Law which presumed a hiring for one year. Leonard, *A New Common Law of Employment Termination*, 66 N.C.L. Rev. 631, 640 (1988); Parker, *The Uses of the Past: The Surprising History of Terminable-at-Will Employment in North Carolina*, 22 Wake Forest L. Rev. 167, 176 (1987). In 1877 the English Common Law presumption was firmly supplanted by an American Rule announced in the 1877 treatise of Horace Gray Wood: "[w]ith us the rule is inflexible, that a general or indefinite hiring is *prima facie* a hiring at will . . . [It] is an indefinite hiring and is determinable at the will of either party." H. Wood, A Treatise on the Law of Master and Servant § 134, at 272 (1877). The rule reflects a nineteenth century view which strongly supported complete freedom of contract. It allows employers freedom to hire and fire freely according to production and other economic needs. Leonard, 66 N.C.L. Rev. 631, 641.

In his brief plaintiff admits that he is an "at will" employee but asserts that a North Carolina employer is not free to discharge an "at will" employee in bad faith and cites *Haskins v. Royster*, 70 N.C. 601 (1874), and the more recent case, *Sides v. Duke Hospital*, 74 N.C. App. 331, 328 S.E. 2d 818, *disc. rev. denied*, 314 N.C. 331, 333 S.E. 2d 490 (1985), in support of his argument.

*Haskins* concerned a third party's interference with an employment contract. The plaintiff employer sued the defendant for luring two sharecroppers away from his employ. In his defense the defendant claimed that the contract between the plaintiff and the employee sharecroppers was unlawful. The Court did not find an unlawful contract and found the defendant liable for unlawful interference of a contract.

Coman, plaintiff in the present case, asks us to rely on dictum in *Haskins* to find a bad faith exception to the "at will" doctrine. Subsequent to its finding that the defendant Royster was liable the *Haskins* Court stated:

It is not necessary to decide what would be the effect of such a stipulation in an action on the contract between the parties to it. But as there seems to be some misconception of the law of such a case . . . a few observations will more conveniently lead us to the question actually presented.

*Haskins* at 608. With that introduction the Court then reviews some case law and concludes that the contract between the plaintiff Royster and his sharecroppers was lawful. In conclusion the *Haskins* Court stated:

It is important however to notice, that none of these authorities goes to the length of holding, that if after the contractors had duly performed all or part of the work, the plaintiff had *mala fide*, or without lawful cause, discharged them, they could not recover on the contract.

*Haskins* at 610. We do not agree with plaintiff that the above-quoted passage is central to the holding in *Haskins* and, therefore, we are unable to rely on it to find an exception to the well-established employment "at will" doctrine in North Carolina.

*Smith v. Ford Motor Co.*, 289 N.C. 71, 221 S.E. 2d 282, 79 A.L.R. 3d 651 (1976), is a more recent example of the N. C. Supreme Court's application of the "at will" doctrine, and is an instructive comparison to *Haskins* as it also concerns interference of a third party with an employment contract. In *Smith*, the plaintiff had been president and stockholder of Cloverdale, a Ford automobile dealership. Plaintiff became involved in a dealer's alliance which Ford Motor Company disapproved of, and, as a result, Ford successfully influenced Cloverdale to terminate the

plaintiff's employment by threatening to terminate Cloverdale's franchise. *Id.* at 88, 221 S.E. 2d at 293. The Court found that Smith had a cause of action for wrongful interference of his contract rights against Ford Motor Co., but held that because he was an "at will" employee he had absolutely no recourse against his employer, Cloverdale. The Court states, "Cloverdale committed no breach of its contract even if, as the plaintiff alleges, there was not 'just cause' for such termination." *Id.* at 80-81, 221 S.E. 2d at 288. This was so even though Cloverdale had allowed itself to be influenced by the wrongful behavior of Ford, and even though there could have been no wrong accomplished against Smith without the help of Cloverdale. The Court screened the employer from liability despite its acquiescence in Ford's alleged malicious interference in the employment contract. *Id.* at 85, 221 S.E. 2d at 290.

Though we recognize that Cloverdale's privilege to discharge Smith for "no just cause" can be distinguished from a dismissal based on an employee's refusal to violate federal regulations or, that is, a dismissal for "bad cause," our research reveals that North Carolina has loyally supported a virtually unqualified privilege regarding the hiring and firing of employees. *Nantz v. Employment Sec. Comm'n*, 290 N.C. 473, 226 S.E. 2d 340 (1976) (labor market analyst alleged wrongful discharge based upon lack of evidence to support her termination); *Still v. Lance*, 279 N.C. 254, 182 S.E. 2d 403 (1971) (schoolteacher alleged wrongful discharge based on discharge being arbitrary and without cause); *Tuttle v. Kernersville Lumber Co.*, 263 N.C. 216, 139 S.E. 2d 249 (1964) (lumber company manager alleged wrongful discharge in breach of employer's promise of permanent job for so long as manager's work was satisfactory); *Willard v. Huffman*, 247 N.C. 523, 101 S.E. 2d 373 (1958) (court recognized employee stated cause of action for wrongful discharge if motivating reason for dismissal was retaliation for unionizing activities); *Scott v. Burlington Mills Corp.*, 245 N.C. 100, 95 S.E. 2d 273 (1956) (weaver alleged wrongful discharge following manufacturer's decision to make example of weaver by firing him and thus coerce other weavers whose records were poorer than that of fired weaver); *Malever v. Kay Jewelry Co.*, 223 N.C. 148, 25 S.E. 2d 436 (1943) (jewelry store salesman alleged wrongful discharge after employer induced salesman to leave former job with promises of permanent employment); *Elmore v. Atlantic Coast Line R.R.*, 191 N.C.

182, 131 S.E. 633, 43 A.L.R. 1072 (1926) (railroad conductor alleged wrongful discharge when railroad had relied on what later turned out to be false and malicious allegations of conductor's dishonesty as basis for discharge).

II.  Exceptions to the "At Will" Doctrine

Plaintiff in his brief asks us to consider the following language in *Sides v. Duke Hospital* in support of his argument that this Court recognize a cause of action for wrongful discharge in his case:

> Thus, while there may be a right to terminate a contract at will for no reason, there can be no right to terminate such a contract for an unlawful reason or purpose that contravenes public policy. A different interpretation would encourage and sanction lawlessness, which law by its very nature is designed to encourage and prevent. We hold, therefore, that no employer in the State, notwithstanding that an employment is at will, has the right to discharge an employee and deprive him of his livelihood without civil liability because he refuses to testify untruthfully or incompletely in a court case, as plaintiff alleges happened here.

*Sides v. Duke Hospital*, 74 N.C. App. 331, 342, 328 S.E. 2d 818, 826, *disc. rev. denied*, 314 N.C. 331, 333 S.E. 2d 490 (1985). Plaintiff in his brief recognizes, but dismisses without explanation, cases subsequent to *Sides* in which this Court has maintained that *Sides* is to be read narrowly, its significance limited specifically to the issue of perjury in legal proceedings. *See Trought v. Richardson*, 78 N.C. App. 758, 762, 338 S.E. 2d 617, 619 (1986); *accord, Williams v. Hillhaven Corp.*, 91 N.C. App. 35, 370 S.E. 2d 423 (1988) (cause of action recognized when plaintiff alleged firing occurred because of truthful testimony at unemployment compensation hearing). We are unable to dismiss these precedents so lightly.

In *Trought*, plaintiff, a nurse supervisor, alleged that she was discharged in retaliation for her unwillingness to assign work to nurses under her supervision in violation of the state Nursing Practices Act. *Trought* at 762, 338 S.E. 2d at 619. In *Hogan v. Forsyth Country Club*, 79 N.C. App. 483, 340 S.E. 2d 116, *disc. rev. denied*, 317 N.C. 334, 346 S.E. 2d 140 (1986), this Court held

that an employer was free to discharge a waitress at the behest of a chef whose sexual advances had been resisted, even when it was held that the complaint sufficiently alleged a cause of action for the intentional infliction of emotional distress against both the chef and the employer, and possible violations of Title VII of the Civil Rights Act of 1964. *Id.* at 499, 340 S.E. 2d at 126. Though the public policy rationale enunciated in *Sides* speaks in broad terms this Court refused to recognize a tort cause of action in either *Hogan* or *Trought* or in the more recent case, *Burrow v. Westinghouse Electric Corp.*, 88 N.C. App. 347, 363 S.E. 2d 215, *disc. rev. denied*, 322 N.C. 111, 367 S.E. 2d 910 (1988), because the *Sides* holding is limited specifically to instances where an employer attempts to interfere with testimony in a legal proceeding. *Accord, Williams v. Hillhaven Corp.*, 91 N.C. App. 35, 370 S.E. 2d 423 (1988).

Coman alleges in his complaint that in order to continue in his job at the same compensation he would have had to violate federal regulations that require him to keep an accurate log of his driving hours. 49 U.S.C. § 3102, 49 C.F.R. § 395.1(a), 395.3(a)(1)(2). The federal regulations at issue are part of a comprehensive federal scheme to ensure motor carrier safety. Tandem Truck Safety Act, Pub. L. No. 98-554, 1984 U.S. Code Cong. & Admin. News (98 Stat.) 4785-96. The regulations provide that if Coman were to make false reports in connection with his duties he would be liable to prosecution. 49 C.F.R. § 395.8(e).

This Court has recognized a tort cause of action against an employer only when an exception to the "at will" doctrine has been created by our legislature which specifically gives an employee a right to sue an employer for retaliatory discharge. *See* G.S. 95-81 and 95-83 (denial of employment by reason of labor union membership prohibited); G.S. 95-25.20 (discharge for filing Wage and Hour Act complaint prohibited); G.S. 95-130(8) (discharge for filing OSHA complaint prohibited); G.S. 97-6.1 (discharge for filing worker's compensation claim prohibited); G.S. 96-15.1 (discharge in retaliation for testimony at an Employment Security Hearing prohibited).

This Court has never squarely decided whether the rule enunciated in *Smith*, that an "at will" employment contract "is terminable at the will of either party, with or without cause, ex-

cept in those instances in which the employee is protected by statute," *Smith*, 289 N.C. at 80, 221 S.E. 2d at 288 (1976) (citations omitted), includes the protection of federal statutes. But in a recent case, *Burrow v. Westinghouse Electric Corp.*, 88 N.C. App. 347, 363 S.E. 2d 215, *disc. rev. denied*, 322 N.C. 111, 367 S.E. 2d 910 (1988), the issue was addressed by this Court. *Burrow* concerned a retaliatory discharge claim by a driver against a private interstate motor carrier. In his first claim the driver charged that he was fired in retaliation for pursuing worker's compensation benefits. This claim was recognized by the Court under G.S. 97-6.1. In his second claim the plaintiff claimed wrongful discharge because of his refusal to drive in violation of federal Department of Transportation regulations. In reviewing this second claim, which was raised for the first time on appeal, the Court questioned whether the issue was properly before it. Assuming though that it was, the *Burrow* Court went on to state "we find no authority for and decline to adopt, plaintiff's argument that violation of a federal regulation creates an exception to the employment at will doctrine in North Carolina." *Id*. at 354, 363 S.E. 2d at 220.

While we recognize the strong public policy interests which support the federal motor carrier safety regulations, we also noted at the outset of this opinion that these interests are protected by federal statute:

> No person shall discharge, discipline, or in any manner discriminate against an employee with respect to the employee's compensation, terms, conditions, or privileges of employment for refusing to operate a vehicle when such operation constitutes a violation of any Federal rules, regulations, standards or orders applicable to commercial motor vehicle safety or health, or because of the employee's reasonable apprehension of serious injury to himself or the public due to the unsafe condition of such equipment.

49 U.S.C.A. App. § 2305(b) (1988). The remedy provided by the statute is to file a complaint within one hundred eighty days of the alleged violation with the Secretary of Labor. 49 U.S.C.A. App. § 2305(c) (1988).

In light of the federal remedy, we do not see that it is necessary or efficient for this Court to create a state tort cause of

---

action in this case, particularly where the creation of such a cause of action may be contrary to our State's employment "at will" doctrine. For these reasons we affirm the dismissal of plaintiff's action for failure to state a claim on which relief can be granted.

Affirmed.

Chief Judge HEDRICK concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

While the majority opinion thoughtfully and faithfully follows a well-established case law path, I find the public policy implications in this case to be as compelling as those enunciated in *Sides v. Duke University*, 74 N.C. App. 331, 328 S.E. 2d 818, *disc. rev. denied*, 314 N.C. 331, 333 S.E. 2d 490 (1985). It is unnerving to me to contemplate that by sustaining the trial court we may be suggesting to employers of long-distance truck drivers that it is not a violation of the public policy *of this state* for them to require their drivers to violate federal safety statutes. I, therefore, vote to overrule the trial court and to say that we should recognize the claim for relief asserted by the plaintiff in this case.