JOSEPH PATRICK SUMMEY, Plaintiff v. RONALD BARKER, FORSYTH COUNTY
SHERIFF; and HARTFORD INSURANCE COMPANY, SURETY; MICHAEL
SCHWEITZER, chief jailer of Forsyth County in their official capacities; LINDA
SIDES; JOE MADDUX, Correctional Medical Services, Inc., d/b/a CORREC-
TIONAL MEDICAL SYSTEMS a/k/a CORRECTIONAL MEDICAL SERVICES,
Defendants

No. COA00-106

(Filed 3 April 2001)

**1. Appeal and Error— appealability—public official's immunity**

Orders denying dispositive motions based on public offi-
cial's immunity affect a substantial right and are immediately
appealable.

**2. Immunity— governmental—action against sheriff and
jailer—surety bond**

The trial court correctly denied defendants' Rule 12(b)(6)
motion to dismiss claims for negligence and violations of civil
rights where a plaintiff who suffered from hemophilia alleged
that defendants, the sheriff and the chief jailer, failed to respond
properly to a nosebleed while he was incarcerated, resulting in
his hospitalization. According to the complaint, defendants were
public officers acting in their official capacities and a bond had
been purchased, which removed the protection of governmental
immunity.

Appeal by defendants Barker, Schweitzer, and Hartford Insurance
Company from order entered 14 December 1999 by Judge Catherine
C. Eagles in Forsyth County Superior Court. Heard in the Court of
Appeals 15 February 2001.

*Smith & Combs, by John R. Combs and Steven D. Smith, for
plaintiff-appellee.*

*Womble Carlyle Sandridge & Rice, by Allan R. Gitter and Stacey
M. Stone, for defendant-appellants.*

MARTIN, Judge.

Plaintiff filed this action alleging claims against defendants arising from events allegedly occurring while plaintiff was incarcerated in the Forsyth County Jail. Plaintiff, who suffers from hemophilia, alleged that defendants failed to respond properly to plaintiff's nose bleed, which ultimately caused him to be hospitalized for more than ten days at Baptist Hospital in Winston-Salem. Plaintiff alleged claims for relief for negligence, violations of plaintiff's civil rights under Article I of the North Carolina Constitution, and against defendants Barker and Schweitzer for breach of their statutory duties and malfeasance in office. Plaintiff alleged that defendant Hartford was the surety on the sheriff's official bond.

Defendants Barker, Schweitzer, and Hartford, as sheriff's surety, moved to dismiss plaintiff's first and second claims for relief, alleging negligence and a violation of Article I of the North Carolina Constitution, contending that public official's immunity barred plaintiff's negligence claim, and that monetary claims could not be brought in state court for violations of the state constitution. The trial court granted defendants' motion to dismiss plaintiff's second claim for relief under Article I of the North Carolina Constitution but denied defendants' motion to dismiss the negligence claim against defendants Barker, Schweitzer, and Hartford. Defendants appeal the trial court's denial of their motion to dismiss the first claim for relief.

---

[1] Defendants have appealed from an interlocutory order. Generally, no immediate appeal lies from an interlocutory order. *Auction Co. v. Myers*, 40 N.C. App. 570, 253 S.E.2d 362 (1979). However, when the order appealed from affects a substantial right, a party has a right to an immediate appeal. N.C. Gen. Stat. § 1-277(a); 7A-27(d)(1). Orders denying dispositive motions based on public official's immunity affect a substantial right and are immediately appealable. *Taylor v. Ashburn*, 112 N.C. App. 604, 436 S.E.2d 276 (1993), *disc. review denied*, 336 N.C. 77, 445 S.E.2d 46 (1994). We review the appeal of interlocutory orders in these cases because " 'the essence of absolute immunity is its possessor's entitlement not to have to answer for his conduct in a civil damages action.' " *Epps v. Duke University, Inc.*, 122 N.C. App. 198, 201, 468 S.E.2d 846, 849, *disc. review denied*, 344 N.C. 436, 476 S.E.2d 115 (1996) (citations omitted). Thus, defendants' appeal is properly before us.

**[2]** In reviewing the denial of a motion to dismiss pursuant to N.C.R. Civ. P. 12(b)(6), "[t]he question for the court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory, whether properly labeled or not." *Miller v. Nationwide Mutual Ins. Co.*, 112 N.C. App. 295, 300, 435 S.E.2d 537, 541 (1993) (citation omitted), *disc. review denied*, 335 N.C. 770, 442 S.E.2d 519 (1994). Under this rule, a claim is properly dismissed " 'if no law exists to support the claim made, if sufficient facts to make out a good claim are absent, or if facts are disclosed which will necessarily defeat the claim.' " *Claggett v. Wake Forest University*, 126 N.C. App. 602, 608, 486 S.E.2d 443, 446 (1997) (citation omitted). The issue before this Court is whether public official's immunity bars plaintiff's claims alleging negligence against defendants Barker and Schweitzer. We hold that, to the extent of the bond required by G.S. § 58-76-5, public official's immunity does not bar plaintiff's claim, and we therefore affirm the trial court's denial of defendants' motion to dismiss.

In general, "the doctrine of governmental, or sovereign, immunity bars actions against, *inter alia*, the state, its counties, and its public officials sued in their official capacity." *Messick v. Catawba County, N.C.*, 110 N.C. App. 707, 714, 431 S.E.2d 489, 493, *disc. review denied*, 334 N.C. 621, 435 S.E.2d 336 (1993). A public official sued in his official capacity "operates against the public entity itself, as the public entity is ultimately financially responsible for the compensable conduct of its officers." *Epps*, 112 N.C. App. at 203, 468 S.E.2d at 850.

Governmental or sovereign immunity "prevents the State or its agencies from being sued without its consent." *Corum v. University of North Carolina*, 97 N.C. App. 527, 533, 389 S.E.2d 596, 599 (1990), *affirmed in part, reversed in part on other grounds*, 330 N.C. 761, 413 S.E.2d 276 (1992). The doctrine of governmental immunity "is inapplicable, however, where the state has consented to suit or has waived its immunity through the purchase of liability insurance." *Messick*, 110 N.C. App. at 714, 468 S.E.2d at 493-94. Defendants contend public official's immunity bars plaintiff's claims against defendants in their official capacities. Pursuant to statute, however, public officers may be sued in their official capacities:

> Every person injured by the neglect, misconduct, or misbehavior in office of any clerk of the superior court, register, surveyor, sheriff, coroner, county treasurer, or other officer, may institute a suit or suits against said officer or any of them and

their sureties upon their respective bonds for the due perform-
ance of their duties in office in the name of the State . . . .

N.C. Gen. Stat. § 58-76-5. "By expressly providing for this cause of
action, the General Assembly has abrogated common law immunity
where a public official causes injury through 'neglect, misconduct, or
misbehavior' in the performance of his official duties or under color
of his office." *Slade v. Vernon*, 110 N.C. App. 422, 427-28, 429 S.E.2d
744, 747 (1993). The statutory requirement of a bond removes the
sheriff "from the protective embrace of governmental immunity, but
only where the surety is joined as a party to the action." *Messick*, 110
N.C. App. at 715, 431 S.E.2d at 494. Our courts have recognized that
both sheriffs and deputy sheriffs are public officers. *Id.* at 718, 431
S.E.2d at 496.

In the present case, plaintiff brings suit against defendants
Barker and Schweitzer: "Ronald Barker, Forsyth County Sheriff; and
Hartford Insurance Company, Surety; Michael Schweitzer, chief jailer
of Forsyth County, in their official capacities." The complaint identi-
fies defendant Barker as "Sheriff" of "Forsyth County," "a duly
elected official" who "exercises authority over local confinement
facilities, including . . . the supervision of personnel of the Forsyth
County Jail"; and identifies defendant Schweitzer as Chief Jailer with
supervisory authority over personnel at the Forsyth County Jail.
Moreover, the complaint alleges:

31. The acts or admissions and or negligence of the Forsyth
County Jail personnel who failed to render appropriate medical
care to the Plaintiff are imputed to Michael Schweitzer, Chief
Jailer Forsyth County, Ronald Barker Sheriff of Forsyth County,
operating in their official capacity; and Forsyth County.

According to the complaint, therefore, defendants Barker and
Schweitzer were public officers acting in their official capacities.
Plaintiff also alleged that defendant Barker had furnished a bond pur-
suant to G.S. § 162-8 and G.S. § 58-76-5, and had purchased the bond
from defendant Hartford, and joined Hartford as surety. Defendants,
accordingly, are not immune from suit because of the existence of the
bond which operates to remove the protection of governmental
immunity. The denial of defendants' motion to dismiss plaintiff's first
claim for relief is affirmed.

Affirmed.

Judges TIMMONS-GOODSON and TYSON concur.