THOMAS WILLIAM HILL, Plaintiff v. BOBBY MEDFORD, Individually and as Sheriff of Buncombe County; and WESTERN SURETY COMPANY, Defendants

No. COA02-956

(Filed 1 July 2003)

**1. Appeal and Error— appealability—interlocutory order—governmental or sovereign immunity—substantial right**

Although defendant's appeal of the denial of his motion for summary judgment on plaintiff's breach of contract action is an appeal from an interlocutory order, appeals raising issues of governmental or sovereign immunity affect a substantial right and are immediately reviewable on appeal

**2. Public Officers and Employees— termination of deputy sheriff—breach of contract—at-will employee—public policy violation**

The trial court did not err by denying defendant sheriff's motion for summary judgment on plaintiff deputy sheriff's breach of contract action arising out of plaintiff's termination from employment after he began to investigate allegations that another deputy had committed perjury and made false reports in connection with a number of criminal prosecutions, because plaintiff is not precluded as a matter of law from maintaining his action for breach of contract where defendant terminated his employment for reasons that violate public policy even though plaintiff's employment was at will.

Judge MARTIN dissenting.

Appeal by defendants from order entered 8 May 2002 by Judge James Baker, Jr., in Buncombe County Superior Court. Heard in the Court of Appeals 16 April 2003.

*Carter & Kropelnicki, P.A., by Steven Kropelnicki, Jr., for plaintiff-appellee.*

*Long, Parker, Warren & Jones, P.A., by Robert B. Long, Jr., and W. Scott Jones, for defendant-appellants.*

HUDSON, Judge.

Plaintiff brought this action seeking compensatory and punitive damages from defendant Medford, individually and as Sheriff of Buncombe County, and damages against Western Surety Company in the amount of $20,000 as surety upon defendant Medford's official bond. In summary, Plaintiff alleged in his complaint that from December 1994 until 27 April 2000, he was employed by defendant Medford as a deputy sheriff and, at all times relevant to the complaint, was the lieutenant in charge of the Internal Affairs Division of the Buncombe County Sheriff's Department.

Plaintiff alleged that he was instructed by defendant Medford to investigate the conduct of another deputy in the department as a result of a February 1998 incident in which the deputy was involved. In the course of this investigation, Plaintiff determined that the deputy had committed serious acts of misconduct which included making false reports and committing perjury. Plaintiff reported his findings to Medford in writing. Notwithstanding Medford's receipt of Plaintiff's report, the deputy was not discharged. However, defendant Medford did advise the Buncombe County district attorney of the deputy's perjury, and, as a result, the district attorney was required to disclose such conduct to other persons facing criminal charges in the Buncombe County courts in which the deputy was a witness.

Plaintiff alleged that on 27 April 2000, Medford terminated Plaintiff's employment without any just cause and that such termination was motivated solely by Medford's malice toward him for reporting the deputy's misconduct. Plaintiff asserted claims for breach of contract and for "a tort of wrongful discharge."

Upon Medford's motion, Plaintiff's claims against him in his individual capacity were dismissed. Defendants filed an answer, denying the material allegations of the complaint and asserting sovereign immunity as a bar to Plaintiff's claims. Defendants subsequently moved for partial summary judgment asserting (1) that there was no evidence of the existence of an employment contract between Plaintiff and Medford and the employment relationship was at will; and (2) that sovereign immunity limited any tort claim against

Defendants to $20,000, the amount of the bond purchased by Medford. The trial court granted Defendants' motion with respect to the tort claim, thus limiting Plaintiff's potential recovery on that claim, but denied it with respect to the claim for breach of contract.

[1] Before addressing Medford's argument, we note that "appeals raising issues of governmental or sovereign immunity affect a substantial right sufficient to warrant immediate appellate review." *Wood v. N.C. State Univ.*, 147 N.C. App. 336, 337-38, 556 S.E.2d 38, 39 (2001), *disc. review denied*, 355 N.C. 292, 561 S.E.2d 887 (2002) (quoting *Price v. Davis*, 132 N.C. App. 556, 558-59, 512 S.E.2d 783, 785 (1999)). Thus, although this appeal is interlocutory, it is properly before us.

[2] Defendant has assigned error to the denial of his motion for summary judgment on Plaintiff's contract claim, arguing that there can be no claim for breach of contract since the plaintiff's employment was at will. Here, the deputy sheriff plaintiff was fired by the Sheriff after he began to investigate allegations that another deputy had committed perjury and made false reports in connection with a number of criminal prosecutions. In its order on Defendants' motion for summary judgment, the trial court reached the following pertinent conclusion:

   1) There is no genuine issue of material fact that Plaintiff's contract with the Defendant Medford was an employment at will contract, which fact does not preclude Plaintiff from proceeding with his cause of action for breach of contract and Defendants' Motion for Partial Summary Judgment on Plaintiff's cause of action for breach of contract should therefore be denied.

We have carefully reviewed the arguments made and authorities relied upon by the parties, and agree that the plaintiff is not precluded, as a matter of law, from maintaining his action for breach of contract, where the defendant terminated his employment for reasons that violate public policy, even though his employment was at will. Thus, for the reasons explained below, we affirm the denial of summary judgment on this basis.

We read the cases, particularly *Sides v. Duke University*, 74 N.C. App. 331, 329 S.E.2d 819 (1985), *disc. review denied*, 314 N.C. 331, 335 S.E.2d 13 (1985), and *Coman v. Thomas Manufacturing Co.*, 325 N.C. 172, 381 S.E.2d 445 (1989), and subsequent Court of Appeals

cases, as recognizing that an employment relationship, even at will, is essentially contractual. In *Sides*, this Court held that an at will employee could proceed with both a claim in tort and a claim for breach of contract, where her employment was terminated due to her refusal to give false testimony, a reason that violated public policy. The plaintiff here relies on *Sides*, where this Court, in recognizing an action based on a contract theory, stated the following:

> Even if the employment contract was at will, for the same public policy reasons stated above, we hold that defendant Duke had no right to terminate it for the unlawful purposes alleged in the complaint, and that plaintiff's claim for breach of contract with resulting damages has been sufficiently alleged against the defendant Duke.

*Sides*, 74 N.C. App. at 344-45, 328 S.E.2d at 828. The defendant argues, despite this language, that *Coman* and several later cases from this Court permit only an action in tort for wrongful discharge in violation of public policy.

We disagree with this interpretation, since, rather than rejecting a breach of contract theory, the Supreme Court in *Coman* appears to have acknowledged the possibility of such a claim. In *Coman*, the employee was fired when he refused to falsify his trucking logs. In allowing the claim to proceed, the Supreme Court, relied upon *Sides* and stated the following:

> We *approve and adopt* the following language from *Sides:*

> [W]hile there may be a right to terminate a *contract at will* for no reason, or for an arbitrary or irrational reason, there can be no right to terminate *such a contract* for an unlawful reason or purpose that contravenes public policy. A different interpretation would encourage and sanction lawlessness, which law by its very nature is designed to discourage and prevent.

*Coman*, 325 N.C. at 175, 381 S.E.2d at 447 (emphasis added). In light of this language, as well as the remainder of the discussion in *Coman*, we do not believe that the Supreme Court implicitly rejected any claim for breach of contract. While the Court in *Coman* did not label the plaintiff's claim as one for breach of contract, the word "tort" does not appear in the majority opinion. Even the dissent in *Coman* refers to the at-will doctrine as defining North Carolina law regarding "employment contracts of indefinite duration." *325 N.C.* 179, 381

S.E.2d at 449. More important, however, is that in the discussion, both by the majority and the dissent, the Court was addressing the circumstances under which it may not be permissible for an employer to terminate such an employment agreement.

The defendant also relies on *Houpe v. City of Statesville*, 128 N.C. App. 334, 497 S.E.2d 82 (1998), *disc. review denied*, 348 N.C. 72, 505 S.E.2d 871 (1998). We do not believe that *Houpe* applies here, because the plaintiff in *Houpe* alleged breach of an existing contract of employment. As the Supreme Court pointed out in *Coman*, the cause of action for wrongful termination in violation of public policy was created as an exception to the general rule that in North Carolina an employee may be terminated at will, unless there is a contract or other protection by law. When the employee alleges a more extensive contract, as the employee did in *Houpe*, he may have no need to turn for recourse to the *Coman* exception to the at will doctrine. The Court in *Houpe* upheld "the trial court's denial of defendants' [12(b)(6)] motion with respect to plaintiff's claims of wrongful termination [in tort], breach of contract, [and other claims]." *Id.* 128 N.C. App. at 352, 497 S.E. 2d 94. Although the Court allowed the plaintiff to proceed with both types of claims, the analysis based on the allegations of a contract with terms beyond the mere employment relationship is simply inapposite here. In more recent decisions, this Court has reached similar conclusions in cases involving allegations of written contracts. Thus, none are applicable here. *See, Trexler v. Norfolk S. Ry. Co.*, 145 N.C. App. 466, 550 S.E.2d 540 (2001); *Doyle v. Asheville Orthopaedic Assocs., P.A.*, 148 N.C. App. 173, 557 S.E.2d 577 (2001).

Even more recently, in *Paquette v. County of Durham*, 155 N.C. App. 415 , 573 S.E.2d 715 (2002), *disc. review denied*, No. 91P03, 2003 N.C. LEXIS 480 (N.C. May 1, 2003), the plaintiff alleged a claim in tort for wrongful discharge and a claim for breach of contract seeking unpaid wages, as well as claims alleging discrimination. The plaintiff was a probationary employee, who "did not have a contractual right to continued employment," even on an at will basis, and did not allege that she did. Her breach of contract claim was for unpaid wages alone. This Court reversed the dismissal of the contract claim and remanded that claim, noting that "[t]he relationship of employer and employee is essentially contractual in its nature," and held the claim was not barred by sovereign immunity. 155 N.C. App. at 420, 573 S.E.2d at 718. As for the tort claim for wrongful discharge, the Court affirmed the dismissal, but on the grounds that the plaintiff had not

**HILL v. MEDFORD**

[158 N.C. App. 618 (2003)]

alleged a waiver of immunity by the defendants. The claims in *Paquette* were so different from those raised by the plaintiff here, that we do not believe this case applies.

In sum, we interpret the cases since *Sides* and *Coman* as allowing a discharged, public at will employee, like the plaintiff here, to proceed with *either* a claim for breach of contract under the public policy exception to the at will doctrine *or* a claim in tort if the entity has waived immunity, or *both*. Here, the plaintiff alleged both. Regarding these claims, the superior court denied the defendants' motion for summary judgment on the first claim, and allowed it on the second, as to any amount exceeding the surety bond. Certainly Medford's conduct, if Plaintiff's allegations are true—terminating Plaintiff for reporting serious misconduct including perjury and falsification of evidence by another deputy—violated public policy. If the plaintiff has inadequate recourse, the result, in effect, penalizes him for honestly performing his duties, and rewards others whose actions, if proved, undermined the integrity of a number of investigations and prosecutions of crime in the county. As the Supreme Court noted in *Coman*, this "interpretation would encourage and sanction lawlessness," which we do not wish to do. Thus, we affirm the trial court in all respects, and remand for further proceedings.

AFFIRMED.

Judge ELMORE concurs.

Judge MARTIN dissents.

MARTIN, Judge, dissenting.

I respectfully dissent. As a public official, if sued in his or her official capacity, a sheriff is protected against tort actions by governmental immunity unless the sheriff purchases a bond pursuant to G.S. § 58-76-5, and then, can only be liable on tort claims to the extent of the amount of that bond. N.C. Gen. Stat. § 58-76-5 (2003); *Summey v. Barker*, 142 N.C. App. 688, 544 S.E.2d 262 (2001). No such immunity exists as to claims for breach of contract. *Smith v. State*, 289 N.C. 303, 222 S.E.2d 412 (1976). Due to defendant Medford's purchase of a $20,000 bond, plaintiff may potentially recover up to that amount on his tort claim. Plaintiff may recover a greater amount only through his claim for breach of contract.

North Carolina is an employment at will state. *See Kurtzman v. Applied Analytical Indus.*, 347 N.C. 329, 493 S.E.2d 420 (1997), *reh'g denied*, 347 N.C. 586, 502 S.E.2d 594 (1998). Plaintiff admits that he had no contract with defendant Medford for employment for a definite term, rendering him an at-will employee, but contends that he has a viable claim for breach of contract under the "public policy exception."

As noted by the majority, the public policy exception to the at-will employment doctrine was originally articulated in *Sides v. Duke University*, 74 N.C. App. 331, 328 S.E.2d 818, *disc. review denied*, 314 N.C. 331, 335 S.E.2d 13 (1985), *overruled on other grounds by Kurtzman, supra*. In *Sides*, this Court reviewed the dismissal of plaintiff's claims for, *inter alia*, tort and breach of contract and held that under the facts alleged the plaintiff had stated a claim in tort for wrongful discharge. *Id.* at 343, 328 S.E.2d at 826-27. The Court then analyzed whether the plaintiff had stated a claim for breach of contract:

> Even if the employment contract was at will, for the same public policy reasons stated above, we hold that defendant Duke had no right to terminate it for the unlawful purposes alleged in the complaint, and that plaintiff's claim for breach of contract with resulting damages has been sufficiently alleged against the defendant Duke.

*Id.* at 344-45, 328 S.E.2d at 828. The majority relies on this language in *Sides* in holding plaintiff's breach of contract claim may stand despite his at-will status. The result is that plaintiff and other at-will employees who find themselves in similar situations hereafter may allege two separate and independent claims for relief, one in tort and one in contract. I cannot agree with this result for several reasons.

First of all, the Court's holding in *Sides* that the plaintiff had stated a claim for breach of contract despite her at-will status was unnecessary to its decision and was *dictum*. After making the statement, the Court went on to say:

> The additional consideration that the complaint alleges, [the plaintiff's] move from Michigan, was sufficient, we believe, to remove plaintiff's employment contract from the terminable-at-will rule and allow her to state a claim for breach of contract since it is also alleged that her discharge was for a reason other than the unsatisfactory performance of her duties.

*Id.* at 345, 328 S.E.2d at 828. The holding that relocation for employment provides "additional consideration" sufficient to establish employment contract was later overturned in *Kurtzman, supra.* Admittedly, the opinion in *Sides* is confusing in that it appears to hold that the plaintiff stated a claim for wrongful discharge in tort, a claim for breach of contract for at-will employment based on wrongful discharge, *and* a claim for breach of contract based on an alleged contract. *Sides*, however, should be interpreted in the light of guidance from later case law precedent.

The public policy exception to the at-will employment doctrine was not expressly approved by our Supreme Court until *Coman v. Thomas Mfg. Co.*, 325 N.C. 172, 381 S.E.2d 445 (1989). Although the Supreme Court's opinion in *Coman* does not specify whether the plaintiff's claim sounded in tort or contract, the opinion of this Court, and the record, makes clear that the plaintiff had alleged a claim in tort. *See Coman v. Thomas Mfg. Co.*, 91 N.C. App. 327, 371 S.E.2d 731 (1988). Therefore, the Supreme Court's opinion in *Coman* recognized the tort of wrongful discharge, but did not "acknowledge[] the possibility" of a breach of contract claim for discharge in violation of public policy by an at-will employee. In addition, the language in *Coman* and *Sides* cited by the majority as emphasizing the contractual nature of at-will employment should not be amplified into a basis for a breach of contract claim. An at-will employment relationship may be referred to as a " 'contract at will,' " *Coman*, 325 N.C. at 175, 381 S.E.2d at 447, without converting it into something it is not.

Finally, although *Sides* seemingly held that claims for the tort of wrongful discharge and for breach of contract could stand on the same facts, several cases have since clarified this point. In *Houpe v. City of Statesville*, 128 N.C. App. 334, 497 S.E.2d 82, *disc. review denied*, 348 N.C. 72, 505 S.E.2d 871 (1998), the Court upheld the denial of the defendant's motion for judgment on the pleadings for, *inter alia*, the plaintiff's claims of wrongful discharge and breach of contract. However, the Court stated that:

> Preliminarily, we assume plaintiff's wrongful termination and breach of contract claims to have been advanced *in the alternative*. Wrongful termination may be asserted "only in the context of employees at will," and not by an employee "employed for a definite term or . . . subject to discharge only for 'just cause.' "

*Id.* at 343, 497 S.E.2d at 88-89 (citations omitted) (emphasis added). I note that the present plaintiff seems to acknowledge a mutual exclu-

sivity for the tort of wrongful discharge and breach of contract in his complaint, wherein he prays, *inter alia*, for the following:

> The damages of defendant, in his official capacity in an amount exceed [sic] $10,000 on his claim for breach of contract, or in the alternative, for damages in a like amount on his claim for wrongful discharge; . . . .

The *Houpe* Court then went on to declare that:

> A viable claim for breach of an employment contract must allege the existence of contractual terms regarding the duration or means of terminating employment. Plaintiff's complaint addressed this requirement by alleging that the City's charter, ordinances and written policies created an agreement whereby he would not be terminated except for "good cause" . . . .

*Id.* at 344, 497 S.E.2d at 89. The majority declares that *Houpe* does not apply to the present case because the plaintiff "alleged breach of an existing contract of employment." I believe *Houpe* is relevant because it states that the plaintiff only had an *alternative* claim for breach of contract *because* he had alleged an employment contract. To interpret *Houpe* otherwise, as the majority has apparently done, with respect to the instant case, would lead to the result that plaintiffs who allege wrongful termination of their at-will employment *and* breach of an employment contract would only be able to recover under one theory or the other, but plaintiffs who allege wrongful termination of their at-will employment and admit to the absence of any employment contract would be able to recover in both tort and contract. *See Doyle v. Asheville Orthopaedic Assocs., P.A.*, 148 N.C. App. 173, 174, 557 S.E.2d 577, 577 (2001) (noting in context of claim by contractual employee that contractual employee limited to breach of contract and tort of wrongful discharge available only to at-will employee), *disc. review denied*, 355 N.C. 348, 562 S.E.2d 278 (2002); *Trexler v. Norfolk S. Ry. Co.*, 145 N.C. App. 466, 471-72, 550 S.E.2d 540, 543 (2001) (holding union employee subject to discharge pursuant to terms of collective bargaining agreement had cause of action in contract, but not for tort of wrongful discharge).

Although the majority correctly points out that *Doyle* and *Trexler* involved allegations of written contracts, they did not involve alternative allegations of at-will employment as did *Houpe*. To the extent *Sides* may have appeared to allow a contractual employee to allege both breach of contract and the tort of wrongful discharge, *Houpe*,

*Doyle,* and *Trexler* have made clear that such was not the case. Following the logic of these cases, it is a stretch to conclude the reverse: that an at-will employee is entitled to two avenues of relief for wrongful discharge while an employee promised continued employment under contract is limited to only one.

The majority also glosses over *Paquette v. County of Durham,* 155 N.C. App. 415, 573 S.E.2d 715 (2002), *disc. review denied,* 357 N.C. 165, —— S.E.2d —— (1 May 2003), and does not confront *Vereen v. Holden,* 121 N.C. App. 779, 468 S.E.2d 471 (1996), *remanded for reh'g on other grounds,* 345 N.C. 646, 483 S.E.2d 719 (1997). In both of these cases, an at-will employee alleged claims for the tort of wrongful discharge and breach of contract. In *Paquette,* the plaintiff's claim for breach of contract was upheld because she alleged she had performed work for the defendants for which she had not been paid. In *Vereen,* the complaint was held to state a claim for the tort of wrongful discharge, but not breach of contract, where allegations in the complaint were insufficient to allege an employment contract. If a claim for breach of contract for termination of at-will employment in violation of public policy was viable, it stands to reason that the Courts in *Houpe, Paquette,* and *Vereen* would have held the complaints at issue in those cases did, in fact, state such claims. N.C. Gen. Stat. § 1A-1, Rule 12(b)(6), (c) (2003). At the very least, those cases, along with *Doyle* and *Trexler,* are difficult to reconcile with the majority's holding that the "public policy exception" to the at-will employment doctrine was intended to authorize causes of action in both tort and contract for at-will employees.

For all these reasons, I conclude that an employee terminable at will, who alleges wrongful discharge in violation of public policy, does not have a claim for breach of contract against his or her employer on that basis. The trial court's denial of defendants' motion for summary judgment on plaintiff's contract claim should be reversed. Contrary to the majority's final assertions, this conclusion would not leave plaintiff without remedy, much less "penalize" him, as his tort claim against defendant is still extant, though his potential recovery is limited by the doctrine of governmental immunity.