BETTY TROUGHT v. JACK RICHARDSON, FRED BROWN, AND PITT COUNTY MEMORIAL HOSPITAL, INC.

No. 853SC419

(Filed 21 January 1986)

1. Privacy § 1— public disclosure of private facts—12(b)(6) dismissal proper

The trial court did not err by dismissing plaintiff's claim for invasion of privacy for failure to state a claim upon which relief could be granted where defendants were alleged to have told employees of the hospital and one person not an employee who attended an employee's meeting that plaintiff had been discharged for a lack of credibility. The tort of invasion of privacy by public disclosure of private facts consists of the disclosure to the public of facts which are true and which would be highly offensive and objectionable to a reasonable person of ordinary sensibilities. The individual defendants here had the right to make this much of a public disclosure without being held liable.

2. Master and Servant § 10.2— wrongful discharge—violation of implied covenant of good faith—12(b)(6) dismissal proper

The trial court did not err by dismissing plaintiff's claim for wrongful discharge under N.C.G.S. 1A-1, Rule 12(b)(6), where plaintiff alleged that she was discharged in violation of the covenant of good faith implied in any employment contract for complying with state law and hospital policies. Plaintiff did not have a contract for any definite term and could be discharged at any time by defendant, and her allegation was not sufficient to come within the exception created by *Sides v. Duke Hospital,* 74 N.C. App. 331.

3. **Master and Servant § 10.2— wrongful discharge—failure to follow procedure in personnel manual—allegation that manual part of contract—12(b)(6) dismissal improper**

   The trial court erred by granting defendants' Rule 12(b)(6) motion for dismissal of plaintiff's claim for wrongful discharge based on a lack of cause and a failure to follow the procedures in a personnel manual where plaintiff sufficiently alleged that the policy manual was a part of her employment contract.

4. **Trespass § 2; Torts § 1— intentional infliction of mental distress—reporting to other employees reason for plaintiff's discharge—12(b)(6) dismissal proper**

   The trial court did not err by granting defendants' Rule 12(b)(6) motion for dismissal of plaintiff's claim for intentional infliction of severe emotional distress where defendants' conduct in reporting to other employees the reason for plaintiff's discharge did not constitute "extreme and outrageous conduct" or conduct which "exceeds all bounds usually tolerated by decent society."

APPEAL by plaintiff from *Tillery, Judge.* Judgment entered 29 January 1985 in Superior Court, PITT County. Heard in the Court of Appeals 29 October 1985.

The plaintiff brought this action as a result of her discharge from the position of Vice President of Nursing Services at the Pitt County Memorial Hospital, Inc. In her complaint she alleged five separate claims, which are as follows: (1) invasion of privacy, (2) slander, (3) wrongful discharge—a, (4) wrongful discharge—b, and (5) intentional infliction of severe emotional distress. As to the claim for invasion of privacy she alleged that in September 1983 Jack Richardson, the President of Pitt County Memorial Hospital, Inc. notified her that she was discharged. Defendant Richardson and defendant Brown who was executive vice president of the hospital met with various groups of employees of the hospital and told them plaintiff had been discharged for a "lack of credibility." A nurse who was not an employee was in one of the groups. She alleged that these actions violated her "right to privacy by intruding on her mental and physical seclusion; constituted public disclosure of private information and placed Plaintiff in a false light before the public eye." She also alleged that the defendants' actions were malicious.

The plaintiff alleged as to the wrongful discharge—a that she had entered into a verbal employment contract with the Hospital in 1979 and after receiving several promotions she was made Vice President for Nursing Services in 1981. She alleged further that

in 1983 she transferred two licensed practical nurses from the emergency room after consulting with Richardson and Brown in regard to the matter. Plaintiff alleged that it would have been a violation of the state Nursing Practice Act to have allowed licensed practical nurses to perform the duties they were performing in the emergency room. She also instituted a hiring freeze for nurses at the behest of Brown and Richardson. There arose a public concern over the transfer of the licensed practical nurses and the hiring freeze. Brown and Richardson determined to discharge the plaintiff rather than explain the matter to the public or order the decisions to be changed. She alleged that discharging her for following the law and hospital policy violated the covenant of good faith and fair dealing implied in the employment contract.

The plaintiff alleged in her wrongful discharge—b claim that at the time she was employed by the Hospital she was required to sign a statement that she had read the personnel manual of the Hospital and agreed to abide by the regulations contained therein and that she understood the benefits available to her under these regulations. She alleged that this statement was intended by the parties to be a part of her employment contract. She alleged further that the manual provides that an employee may be separated only for cause. The manual provides that certain procedures must be followed before an employee may be terminated. The plaintiff was discharged without cause and without following the procedures required in the manual.

In her claim for intentional infliction of severe emotional distress the plaintiff alleged that Richardson and Brown knew that her standing in the nursing profession and her job were the most important aspects of her life. She alleged that the wrongful discharge and slanderous statements by Richardson and Brown displayed a reckless disregard to the likelihood that it would cause severe emotional distress to the plaintiff. It did cause severe emotional distress to the plaintiff.

The defendant moved to dismiss all the plaintiff's claims pursuant to G.S. 1A-1, Rule 12(b)(6). The court granted the defendants' motions as to the claims for invasion of privacy, wrongful discharge—a, wrongful discharge—b, and intentional infliction of severe emotional distress. It denied the motion to dismiss the claim for slander. The plaintiff appealed.

*Solberg and Bates-Smith, by Patrice Solberg, for plaintiff appellant.*

*Mullins and Van Hoy, by Philip M. Van Hoy and James T. Cheatham, for defendant appellees.*

WEBB, Judge.

The judgment does not dispose of all claims and is interlocutory. In our discretion we shall determine the appeal.

[1] The plaintiff's first claim is to an invasion of her privacy. There are several types of claims for invasion of privacy which have been recognized by the courts in this country. *See* W. Keeton, *Prosser and Keeton on The Law of Torts* § 117, at 849 (5th ed. 1984). One type is an appropriation, for the defendant's benefit, of the plaintiff's name or likeness. This type of claim was recognized in *Flake v. News Co.*, 212 N.C. 780, 195 S.E. 55 (1938) and *Barr v. Telephone Co.*, 13 N.C. App. 388, 185 S.E. 2d 714 (1972). The plaintiff does not contend that her privacy was invaded by an appropriation. The plaintiff apparently contends that her privacy was invaded by a public disclosure of private facts or by publicity which placed her in a false light in the public eye. Our Supreme Court held in *Renwick v. News and Observer*, 310 N.C. 312, 312 S.E. 2d 405 (1984) that there is no claim for a false light invasion of privacy in this state. If the plaintiff has a claim it is for an invasion of privacy by a public disclosure of private facts. We have not found a case in this state which deals with such a claim but there are cases from other jurisdictions and there is textbook authority on this type of claim. *See Prosser and Keeton on The Law of Torts, supra.*

As we understand the invasion of privacy by a public disclosure of private facts as this tort has developed in other jurisdictions the plaintiff has not stated a claim in this case. The tort consists of the disclosure to the public of facts which are true which disclosure would be highly offensive and objectionable to a reasonable person of ordinary sensibilities. In this case the individual defendants are alleged to have told other employees of the hospital and one person not an employee who attended an employees' meeting that the plaintiff was discharged for a "lack of credibility." We do not believe this is the type of public disclosure which is required for a claim for invasion of privacy. The in-

dividual defendants told a group composed, with one exception, of the plaintiff's fellow employees of the reason for her discharge. In determining whether the plaintiff had a claim we have to assume that the reasons given by Brown and Richardson to the other employees were true. The individual defendants had the right to make this much of a public disclosure without being held liable. It was not error to dismiss the plaintiff's claim for invasion of privacy.

[2] The plaintiff alleged two separate claims for wrongful discharge, denominating one of these claims "a" and the other as "b." In her wrongful discharge—a claim she alleged that she was discharged for complying with state law and the hospital policies. She alleged this is a violation of the covenant of good faith implied in any employment contract. Plaintiff did not have a contract for any definite term. She could be discharged at any time by the defendant hospital. In *Sides v. Duke Hospital*, 74 N.C. App. 331, 328 S.E. 2d 818 (1985) this Court made an exception to this rule in a case in which the plaintiff alleged she was discharged for refusing to commit perjury. In this case there is no such allegation. She alleges that she was discharged for following state law and hospital policy in transferring two licensed practical nurses. Whether this is so is a matter for interpretation. We do not believe this allegation is sufficient to come within or enlarge the exception created by *Sides*. *See Walker v. Westinghouse Elec. Corp.*, --- N.C. App. ---, 335 S.E. 2d 79 (1985). It was not error to dismiss the plaintiff's claim for wrongful discharge—a.

[3] In her claim for wrongful discharge—b the plaintiff alleges that when she was hired she was required to sign a statement that she had read the hospital policy manual which provides she may only be discharged for cause and that certain procedures must be followed in order for her to be discharged. She also alleges the statement she signed was to be a part of her employment contract. She alleged further that she was discharged without cause and without following the procedures of the personnel manual. We believe that on hearing on a Rule 12(b)(6) motion the plaintiff has sufficiently alleged that the policy manual was a part of her employment contract which was breached by her discharge to survive the motion. *Walker v. Westinghouse Elec. Corp.*, *supra*. We reverse the part of the judgment which dismisses the plaintiff's wrongful discharge—b claim.

[4]  The plaintiff's last claim is for the intentional infliction of severe emotional distress. The tort of intentional infliction of severe emotional distress consists of "(1) extreme and outrageous conduct, (2) which is intended to cause and does cause (3) severe emotional distress to another." *Dickens v. Puryear*, 302 N.C. 437, 452, 276 S.E. 2d 325, 335 (1981). Our Supreme Court has said that liability arises when the defendant's "conduct exceeds all bounds usually tolerated by decent society" and the conduct "causes mental distress of a very serious kind." *Stanback v. Stanback*, 297 N.C. 181, 254 S.E. 2d 611 (1979). We do not believe the conduct of the two individual defendants in reporting to the hospital employees why the plaintiff was discharged constitutes "extreme and outrageous conduct" or conduct which "exceeds all bounds usually tolerated by decent society." The court did not err in dismissing the plaintiff's claim for intentional infliction of severe emotional distress.

For the reasons stated in this opinion we reverse and remand as to the part of the judgment dismissing the plaintiff's claim for wrongful discharge — b. We affirm the dismissal of the other three claims.

Affirmed in part; reversed and remanded in part.

Judges BECTON and COZORT concur.