PEARLY VEREEN, Plaintiff v. KELLY HOLDEN, Individually and In his official capacity as Brunswick County Commissioner; DONALD SHAW, Individually and In his official capacity as Brunswick County Commissioner; JERRY JONES, Individually and In his official capacity as Brunswick County Commissioner; WAYLAND VEREEN, In his official capacity as Brunswick County Commissioner; DON WARREN, In his official capacity as Brunswick County Commissioner; TOM RABON, In his official capacity as Brunswick County Commissioner; GENE PINKERTON, In his official capacity as Brunswick County Commissioner; FRANKIE RABON, In his official capacity as Brunswick County Commissioner; DAVID CLEGG, Individually and In his official capacity as Interim Manager; and BRUNSWICK COUNTY, Defendants

No. COA94-1150

(Filed 5 March 1996)

### 1. Counties § 124 (NCI4th)— legislative immunity—tests

Legislative immunity exists for county legislators, known as county commissioners in North Carolina, provided they are able to prove that they were acting in a legislative capacity at the time of the alleged incident and that their acts were not illegal acts.

**Am Jur 2d, Public Officers and Employees §§ 358-363.**

### 2. Counties § 124 (NCI4th)— dismissal of county employee— defense of legislative immunity—denial of judgment on pleadings proper

The trial court properly denied defendant county commissioners' motion for judgment on the pleadings with respect to their defense of legislative immunity because it is too early in the case to determine the applicability of legislative immunity where defendants have not had the opportunity to prove either provision of the legislative immunity test, and plaintiff has alleged sufficient facts which, if true, would establish that he was dismissed from county employment in an administrative rather than legislative action which violated his constitutional rights.

**Am Jur 2d, Public Officers and Employees §§ 369, 370.**

### 3. Labor and Employment § 77 (NCI4th)— wrongful termination—public policy exception to employment-at-will doctrine—sufficiency of complaint to state claim

Plaintiff county employee alleged sufficient facts in his complaint to state a claim against defendant county commissioners for wrongful termination under the public policy exception to the employment-at-will doctrine where he alleged that he was fired

VEREEN v. HOLDEN

[121 N.C. App. 779 (1996)]

by defendants due to his political affiliation and activities, and there was no merit to defendants' argument that N.C.G.S. § 153A-99, which prohibits political coercion in county employment, was inapplicable because it became effective after plaintiff's discharge, since it could still be used to demonstrate the public policy of the State.

**Am Jur 2d, Wrongful Discharge § 34.**

**Discharge from private employment on ground of political views or conduct. 51 ALR2d 742.**

4. **Labor and Employment § 54 (NCI4th)— breach of contract—personnel policy manual not part of contract—claim properly dismissed**

The trial court did not err in dismissing plaintiff's breach of contract claim since there was no merit to plaintiff's contention that the county personnel policy manual was part of his employment contract.

**Am Jur 2d, Wrongful Discharge § 97.**

**Right to discharge allegedly "at-will" employee as affected by employer's promulgation of employment policies as to discharge. 33 ALR4th 120.**

5. **Labor and Employment § 69 (NCI4th)— dismissal of county employee—violation of procedural due process— judgment on the pleadings improper**

The trial court erred in granting defendants' motion for judgment on the pleadings with respect to plaintiff's procedural due process claim, since, in order for an employee to be entitled to procedural due process protection, he has to possess a property interest or right in continued employment; a crucial factor in determining whether plaintiff possessed a property right in continued employment was whether he was wrongfully terminated or whether he was released in a bona fide RIF and thus did not experience a violation of his due process rights; and resolution of this claim involved factual proof so that judgment on the pleadings was improper.

**Am Jur 2d, Wrongful Discharge § 6.**

**Rights of state and municipal public employees in grievance proceedings. 46 ALR4th 912.**

VEREEN v. HOLDEN

[121 N.C. App. 779 (1996)]

**Termination of public employment: right to hearing under due process clause of Fifth or Fourteenth Amendment—Supreme Court cases. 48 L. Ed. 2d 996.**

Appeal by plaintiff and cross-appeal by defendants from order and judgment entered 28 July 1994 by Judge Jack A. Thompson in Brunswick County Superior Court. Heard in the Court of Appeals 11 September 1995.

*Anderson & McLamb, by Sheila K. McLamb and Laura Thompson, for plaintiff.*

*Faison & Fletcher, by Reginald B. Gillespie, Jr., Michael R. Ortiz, and Keith D. Burns, for defendants.*

LEWIS, Judge.

Plaintiff instituted this action for wrongful termination, restraint against free political association, violation of due process and breach of contract; he sought damages, injunctive relief, specific performance, and punitive damages. Defendants moved to dismiss plaintiff's claims. Defendants also pled the defense of legislative immunity and moved for judgment on the pleadings. The trial court dismissed the claims designated by the plaintiff as wrongful termination, specific performance, and breach of contract as to all the defendants and dismissed the restraint against free political association claim as to some of the defendants in their individual capacities. The trial court also granted defendants' motion for judgment on the pleadings as to the due process claim. However, the court denied defendants' motion for judgment on the pleadings based on their defense of legislative immunity. Both plaintiff and defendants appeal.

Since the claims at issue were dismissed pursuant to Rule 12(b)(6) and Rule 12(c), we look to the allegations of the plaintiff's complaint. Essentially, the complaint alleges that Plaintiff was employed by defendant Brunswick County as an Assistant Operations Service Director and Water Coordinator. In June 1991, the Board of Commissioners of Brunswick County voted to eliminate plaintiff's position. Plaintiff was notified on 18 June 1991, that an upcoming reduction in force (RIF) would eliminate his position.

The termination came 41 days prior to the vesting of plaintiff's retirement benefits. His performance was satisfactory and he had never received any reprimands or indications of poor performance.

We first address defendants' contention that the trial court erred in denying their motion for judgment on the pleadings based on legislative immunity. Motions for judgment on the pleadings pursuant to Rule 12(c) are designed to "dispose of baseless claims or defenses when the formal pleadings reveal their lack of merit." *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974). The movant bears the burden of proving that, after viewing the facts and permissible inferences in the light most favorable to the non-movant, he or she is entitled to judgment as a matter of law. *DeTorre v. Shell Oil Co.*, 84 N.C. App. 501, 504, 353 S.E.2d 269, 271 (1987).

The subject of legislative immunity has never before been addressed by a North Carolina appellate court. However, the United States Supreme Court has recognized the deep roots of legislative immunity in American and English common law and its application to state legislators. *Tenney v. Brandhove*, 341 U.S. 367, 95 L.Ed 1019 (1951). In *Tenney*, the Supreme Court explained the reason for legislative immunity:

> "In order to enable and encourage a representative of the public to discharge his public trust with firmness and success, it is indispensably necessary, that he should enjoy the fullest liberty of speech, and that he should be protected from the resentment of every one, however powerful, to whom the exercise of that liberty may occasion offence."

*Tenney*, 341 U.S. at 373, 95 L.Ed at 1025 (quoting II Works of James Wilson (Andrews ed. 1896) 38). Later, the Court found legislative immunity equally applicable at the regional government level. *Lake Country Estates v. Tahoe Planning Agcy.*, 440 U.S. 391, 405, 59 L.Ed.2d 401, 413 (1979).

[1] Although the United States Supreme Court has not, a majority of federal circuit courts have extended legislative immunity to local legislators. *Rini v. Zwirn*, 886 F.Supp. 270, 280 (E.D.N.Y. 1995). The Fourth Circuit has acknowledged legislative immunity for county legislators, known as county commissioners in North Carolina, provided they are able to prove: (1) that they were acting in a legislative capacity at the time of the alleged incident; and (2) their acts were not illegal acts. *Scott v. Greenville County*, 716 F.2d 1409, 1422 (4th Cir. 1983). Because we conclude that this test fairly, succinctly and clearly states the purpose of legislative immunity, we adopt it as a test in suits against local governments and local officials.

Whether an action is legislative or administrative has been determined on a case by case basis. While eliminating a position for budgetary reasons has generally been found to be legislative, *e.g. Baker v. Mayor and City Council of Baltimore,* 894 F.2d 679, 682 (4th Cir.), *cert. denied,* 498 U.S. 815, 112 L. Ed. 2d 31 (1990), *overruled on other grounds,* 63 F.3d 295 (4th Cir. 1995); *Rateree v. Rockett,* 852 F.2d 946, 950 (7th Cir. 1988), hiring, firing and other employment decisions have been held to be administrative and not deserving of legislative immunity, *e.g. Alexander v. Holden,* 66 F.3d 62, 67 (4th Cir 1995); *Detz v. Hoover,* 539 F.Supp. 532, 534 (E.D. Pa. 1982).

[2] Applying the *Scott* rule to the case before us, it is clearly too early in the proceedings to determine the applicability of legislative immunity. Defendants have not had the opportunity to prove either provision of the legislative immunity test. Additionally, plaintiff has alleged sufficient facts that, if true, would establish that he was dismissed in an administrative action which violated his constitutional rights. As a result, we affirm the trial court's denial of defendants' motion for judgment on the pleadings with respect to their defense of legislative immunity.

We now address the substance of plaintiff's assignments of error.

[3] Plaintiff first argues that the trial court erred in dismissing his wrongful termination claim because his complaint adequately states a claim under the public policy exception to the employment-at-will doctrine. We agree. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint by determining "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief can be granted under some legal theory." *Lynn v. Overlook Development,* 328 N.C. 689, 692, 403 S.E.2d 469, 471 (1991). A Rule 12(b)(6) motion to dismiss for failure to state a claim should not be granted unless it *"appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." Sutton v. Duke,* 277 N.C. 94, 103, 176 S.E. 2d 161, 166 (1970).

Ordinarily, an employee without a definite term of employment is an employee-at-will and may be discharged for any reason. *Still v. Lance,* 279 N.C. 254, 259, 182 S.E.2d 403, 406 (1971). However, the North Carolina Supreme Court has recognized a public policy exception to the employee-at-will rule, stating:

[W]hile there may be a right to terminate a contract at will for no reason, or for an arbitrary or irrational reason, there can be no right to terminate such a contract for an unlawful reason or purpose that contravenes public policy. A different interpretation would encourage and sanction lawlessness, which law by its very nature is designed to discourage and prevent.

*Coman v. Thomas Manufacturing Co.*, 325 N.C. 172, 175, 381 S.E.2d 445, 447 (1989) (quoting *Sides v. Duke University*, 74 N.C. App. 331, 328 S.E.2d 818, *disc. review denied*, 314 N.C. 331, 333 S.E.2d 490 (1985)).

In the present case, plaintiff alleges that he was fired by defendants due to his political affiliation and activities. If true, this would contravene rights guaranteed by our State Constitution, *see State v. Ballance*, 229 N.C. 764, 769, 51 S.E.2d 731, 734 (1949), and the prohibition against political coercion in county employment stated in N.C. Gen. Stat. § 153A-99 (1991). As a result, if proven, these actions would surely violate North Carolina public policy. *See Lenzer v. Flaherty*, 106 N.C. App. 496, 515, 418 S.E.2d 276, 287, *disc. review denied*, 332 N.C. 345, 421 S.E.2d 348 (1992). Defendants argue that G.S. § 153A-99 is inapplicable because it became effective after plaintiff's discharge. Nonetheless, it can still be used to demonstrate the public policy of the State. *See Williams v. Hillhaven Corp.*, 91 N.C. App. 35, 41, 370 S.E.2d 423, 426 (1988).

We hold that plaintiff has alleged sufficient facts in his complaint to state a claim for wrongful termination under the public policy exception to the employment-at-will doctrine. The decision of the trial court dismissing this claim is reversed and this matter is remanded for trial on wrongful termination.

[4] Plaintiff also argues that the trial court erred in dismissing his breach of contract claim based on the fact that the Brunswick County Personnel Policy Manual (Personnel Policy) was part of his employment contract. We are not persuaded by this argument.

This Court has held that "unilaterally promulgated employment manuals or policies do not become part of the employment contract unless expressly included in it." *Walker v. Westinghouse Electric Corp.*, 77 N.C. App. 253, 259, 335 S.E.2d 79, 83-84 (1985), *disc. review denied*, 315 N.C. 597, 341 S.E.2d 39 (1986). Plaintiff relies on *Trought v. Richardson*, 78 N.C. App. 758, 338 S.E.2d 617, *disc. review denied*, 316 N.C. 557, 338 S.E.2d 18 (1986). In that case, this Court found

plaintiff's allegations that her employer's policy manual was part of her contract sufficient to state a claim for wrongful discharge. *Id.* at 762, 338 S.E.2d at 620. However, in *Trought*, the plaintiff was required to sign a statement that she had read the personnel manual and agreed to obey the regulations it contained. *Id.* at 760, 338 S.E.2d at 618. Consequently, this Court determined that she had sufficiently alleged that the contract was expressly included in her employment contract as required by *Walker v. Westinghouse. Id.* at 762, 338 S.E.2d at 620. There are no such facts alleged in the present case.

Additionally, even if the Personnel Policy was part of plaintiff's employment contract, there was no breach. The policy specifically states that employees may be released due to a RIF. Under this section, all that is required is two weeks notice, which defendants provided. It was not error to dismiss plaintiff's breach of contract claim.

Plaintiff also assigns error to the dismissal of his "claim" for specific performance. Since we have dismissed plaintiff's breach of contract claim, we affirm the dismissal of his specific performance "claim" as it is a remedy for breach of contract.

[5] Finally, with respect to his procedural due process claim, plaintiff argues that the trial court erred in granting defendants' motion for judgment on the pleadings. It is well settled in North Carolina that in order for an employee to be entitled to procedural due process protection he or she has to possess a "property interest or right in continued employment." *Soles v. City of Raleigh Civil Service Comm.,* 119 N.C. App. 88, 91, 457 S.E.2d 746, 749 (1995). We hold that viewing the allegations as true, defendants are not entitled to judgment as a matter of law.

Given this Personnel Policy, a crucial factor in determining whether, if at all, plaintiff possessed a property right in continued employment is whether or not he was wrongfully terminated. If not, he was released in a bona fide RIF as provided by the policy and has not experienced a violation of his due process rights. Since resolution of this claim involves factual proof, judgment on the pleadings was improper.

We also find no need to address plaintiff's contentions regarding the dismissal of his claim for injunctive relief. The trial court's dismissal of this claim stemmed from its dismissal of all of the underlying claims. Since we have remanded the issue of wrongful termination, we remand this claim to the trial court to determine if injunctive relief is appropriate.

**VEREEN v. HOLDEN**

[121 N.C. App. 779 (1996)]

For the foregoing reasons, the order and judgment of the trial court is affirmed in part, reversed in part, and remanded.

Judges EAGLES and JOHN concur.