VEREEN v. HOLDEN

[127 N.C. App. 205 (1997)]

━━━━━━━━━

PEARLY VEREEN, PLAINTIFF V. KELLY HOLDEN, INDIVIDUALLY AND IN HIS OFFICIAL CAPAC-
ITY AS BRUNSWICK COUNTY COMMISSIONER; DONALD SHAW, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS BRUNSWICK COUNTY COMMISSIONER; JERRY JONES, INDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY AS BRUNSWICK COUNTY COMMISSIONER; WAYLAND
VEREEN, IN HIS OFFICIAL CAPACITY AS BRUNSWICK COUNTY COMMISSIONER; DON
WARREN, IN HIS OFFICIAL CAPACITY AS BRUNSWICK COUNTY COMMISSIONER; TOM
RABON, IN HIS OFFICIAL CAPACITY AS BRUNSWICK COUNTY COMMISSIONER; GENE
PINKERTON, IN HIS OFFICIAL CAPACITY AS BRUNSWICK COUNTY COMMISSIONER;
FRANKIE RABON, IN HIS OFFICIAL CAPACITY AS BRUNSWICK COUNTY COMMISSIONER;
DAVID CLEGG, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS INTERIM MANAGER; AND
BRUNSWICK COUNTY, DEFENDANTS

No. COA94-1150

(Filed 5 August 1997)

**Labor and Employment § 69 (NCI4th)— ordinance—property interest—procedural due process—issue of fact—judgment on the pleadings**

On remand from the Supreme Court in light of *Soles v. City of Raleigh Civil Service Comm.*, 345 N.C. 443, 480 S.E.2d 685 (1997), the prior Court of Appeals decision that the trial court erred in granting judgment on the pleadings for defendant on plaintiff's procedural due process employment claim is un-

changed since, unlike *Soles*, there was a material issue of fact as to whether the policy in question was an ordinance and conferred a property interest in plaintiff's continued employment.

On remand from the Supreme Court in light of its decision in *Soles v. City of Raleigh Civil Service Comm.*, 345 N.C. 443, 480 S.E.2d 685 (1997).

*Sheila K. McLamb and Laura E. Thompson for plaintiff-appellant.*

*Faison & Gillespie, by Reginald B. Gillespie, Jr., Michael R. Ortiz and Keith D. Burns, for defendants-appellees.*

LEWIS, Judge.

The Supreme Court has remanded this matter to us for consideration of one issue: whether our decision that judgment on the pleadings was improper on plaintiff's procedural due process claim is correct in light of its decision in *Soles v. City of Raleigh Civil Service Comm.*, 345 N.C. 443, 480 S.E.2d 685 (1997). We do not set forth the facts of this case as they are reported in our earlier decision, *Vereen v. Holden*, 121 N.C. App. 779, 468 S.E.2d 471 (1996).

Initially, we recognize the standard in cases involving judgments on the pleadings: the movant must show that there is no material issue of fact and that he is entitled to judgment as a matter of law. *Hedrick v. Rains*, 121 N.C. App. 466, 468, 466 S.E.2d 281, 283, *aff'd per curiam*, 344 N.C. 729, 477 S.E.2d 171 (1996). Therefore, if any issues of material fact remain despite the Supreme Court's decision in *Soles*, our initial decision must stand.

In *Soles*, the Supreme Court ruled that absent incorporation into an employment contract, a city's personnel policy does not bestow a property interest in continued employment unless it is passed by legislative adoption. *Soles*, 345 N.C. at 447, 480 S.E.2d at 687-88. In that case, since the policy was not a city ordinance passed into law, the petitioner had no constitutionally protected property interest. *Id.*

The present case is factually dissimilar. The policy at issue here was passed at a meeting of the Brunswick County Board of Commissioners and was designated an "ordinance." We find no merit in defendants' suggestion that we look beyond the legislative enactment and label "ordinance" to find that, in substance, the policy was not an ordinance. Clearly, the dispositive factor considered by the

**VEREEN v. HOLDEN**

[127 N.C. App. 205 (1997)]

*Soles* Court was whether the personnel policy was adopted as law or something less by a legislative body. Here, the record clearly suggests enactment as an ordinance, therefore law. Nevertheless, the record does not state in detail whether or not the statutory procedures for the adoption of an ordinance were followed completely. *See* N.C. Gen. Stat. §§ 153A-45, 48 (1991). If plaintiff cannot show compliance with the statutes, the policy cannot be considered an ordinance.

At this stage in the proceedings, we hold that it is too early to rule as a matter of law that the personnel policy did not confer a property interest on plaintiff. Given that some issues of material fact remain, this portion of the case must be allowed to proceed.

For the foregoing reasons, we conclude that our initial decision is unchanged in light of *Soles*. We therefore reverse the trial court's grant of judgment on the pleadings on plaintiff's procedural due process claim.

Reversed.

Judges EAGLES and JOHN concur.