MICHAEL SCOTT WEBB, by and through his Guardian Ad Litem, RANDY BUMGARNER, and JAYNE MANEY, Plaintiffs v. KENNETH NICHOLSON, in his individual capacity, and JACKSON COUNTY BOARD OF EDUCATION, Defendants

No. COA05-961

(Filed 5 July 2006)

**Immunity— governmental—school principal at dance—student removed from window**

Supervising a school dance was a governmental function for the principal, who was acting in his capacity as public official when he removed plaintiff Webb from a cafeteria window. Governmental immunity bars personal liability by the principal for negligence and the trial court did not err in granting his motion for judgment on the pleadings.

Appeal by plaintiffs from order entered 7 March 2005 by Judge Ronald K. Payne in the Superior Court in Jackson County. Heard in the Court of Appeals 22 February 2006.

*Cloninger, Lindsay, Hensley & Searson, P.L.L.C., by John C. Hensley, Jr., for plaintiff-appellants.*

*Cranfill, Sumner, & Hartzog, L.L.P., by Ann S. Estridge and Meredith T. Black, for defendant-appellee Kenneth Nicholson.*

*Tharrington Smith, L.L.P., by Deborah R. Stagner, and Allison B. Schafer, General Counsel, for North Carolina School Boards Association, amicus curiae.*

HUDSON, Judge.

On 29 July 2004, plaintiffs Michael Scott Webb ("Webb") and Jayne Maney filed a complaint against defendants Kenneth Nicholson ("Nicholson"), individually, and the Jackson County Board of Education ("the Board"). On 28 September 2004, Nicholson moved to dismiss the claims against him, which motion the court denied. In his answer and amended answer, Nicholson asserted defenses of public official and sovereign immunity. On 5 January 2005, Nicholson moved to dismiss the complaint and for judgment on the pleadings pursuant to Rule 12(c). By order of 1 March 2005, the court granted the motion for judgment on the pleadings and dismissed the claims against Nicholson. Plaintiffs appeal. As discussed below, we affirm.

On 7 September 2001, the Yearbook Club of Smoky Mountain High School sponsored a dance in the school cafeteria in order to raise money to publish the yearbook. Defendant Nicholson, principal of the high school, attended the dance to provide supervision. Plaintiff Webb testified that he attended the dance with his brother, and that his brother entered the dance after paying for his own ticket, but without paying for Webb. When Webb was denied entry, he went to a cafeteria window and leaned inside, allegedly in order to attract his brother's attention. The assistant principal saw Webb and told him to get back outside. Nicholson pulled Webb back out through the window, and pushed him up against the exterior wall. Webb alleged that Nicholson and the Board negligently caused him injury. Webb suffered from osteonecrosis, a medical condition which had required several prior hip surgeries, and which left his hip in need of protection. Following the incident with Nicholson at the school dance, Webb required additional medical treatment including surgeries.

The court did not dismiss plaintiffs' claims against the Board in the order granting a dismissal to Nicholson. "[A]n appeal of an order denying [a] motion for judgment on the pleadings is an interlocutory appeal." *Paquette v. County of Durham*, 155 N.C. App. 415, 418, 573 S.E.2d 715, 717 (2002), *disc. review denied*, 357 N.C. 165, 580 S.E.2d 695 (2003). However, an interlocutory order raising issues of sovereign immunity affects a substantial right and warrants immediate appellate review. *Id*. Having concluded that this interlocutory appeal is properly before us, we turn to the substantive argument raised by plaintiffs.

Plaintiffs argue that the trial court erred in granting judgment on the pleadings pursuant to Rule 12(c) to Nicholson. We do not agree.

Rule 12 provides that:

(c) Motion for judgment on the pleadings.—After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

N.C. Gen. Stat. § 1A-1, Rule 12(c) (2005).

Motions for judgment on the pleadings pursuant to Rule 12(c) are designed to 'dispose of baseless claims or defenses when the formal pleadings reveal their lack of merit.' *Ragsdale v. Kennedy*, 286 N.C. 130, 137, 209 S.E.2d 494, 499 (1974). The movant bears the burden of proving that, after viewing the facts and permissible inferences in the light most favorable to the non-movant, he or she is entitled to judgment as a matter of law. *DeTorre v. Shell Oil Co.*, 84 N.C. App. 501, 504, 353 S.E.2d 269, 271 (1987)."

*Vereen v. Holden*, 121 N.C. App. 779, 782, 468 S.E.2d 471, 473 (1996), *reh'ing granted*, 345 N.C. 646, 483 S.E.2d 719, *adhered to*, 127 N.C. App. 205, 487 S.E.2d 822 (1997). We review such a grant by determining "whether the moving party has shown that no material issue of fact exists upon the pleadings and that he is clearly entitled to judgment." *Affordable Care, Inc. v. N.C. State Bd. of Dental Exam'rs*, 153 N.C. App. 527, 532, 571 S.E.2d 52, 57 (2002). "All factual allegations in the nonmovant's pleadings are deemed admitted except those that are legally impossible or not admissible in evidence." *Id.* Nicholson asserted the defense of public official immunity, arising from his position as principal of Smoky Mountain High School. Plaintiffs contend that the trial court erred in its grant of judgment on the pleadings because the pleadings did not show that Nicholson's supervision of the school dance was a governmental function nor was it evident that Nicholson was acting as a public official rather than a public employee during the incident. This argument is not persuasive.

Under the doctrine of public official immunity, 'when a governmental worker is sued individually, or in his or her personal capacity, our courts distinguish between public employees and public officials in determining negligence liability.' *Hare v.*

*Butler*, 99 N.C. App. 693, 699-700, 394 S.E.2d 231, 236 (1990) (citations omitted). 'Officers exercise a certain amount of discretion, while employees perform ministerial duties.' *Cherry v. Harris*, 110 N.C. App. 478, 480, 429 S.E.2d 771, 773 (1993) (citation omitted). 'Discretionary acts are those requiring personal deliberation, decision[,] and judgment . . . . Ministerial duties, on the other hand, are absolute and involve merely the execution of a specific duty arising from fixed and designated facts.' *Isenhour v. Hutto*, 350 N.C. 601, 610, 517 S.E.2d 121, 127 (1999) (citations and quotations omitted). Additionally, 'to constitute an office, as distinguished from employment, it is essential that the position must have been created by the constitution or statutes of the sovereignty, or that the sovereign power shall have delegated to an inferior body the right to create the position in question.' *State v. Hord*, 264 N.C. 149, 155, 141 S.E.2d 241, 245 (1965).

Under these guidelines, this Court has recognized that school officials such as superintendents and principals perform discretionary acts requiring personal deliberation, decision, and judgment. *Gunter v. Anders*, 114 N.C. App. 61, 67-68, 441 S.E.2d 167, 171 (1994).

*Farrell v. Transylvania Cty. Bd. of Educ.*, 175 N.C. App. 689, 695-96, 625 S.E.2d 128, 133 (2006). Local school boards are designated by statute as having the responsibility for supervision and oversight of extracurricular activities, such a school dance to raise yearbook funds:

(4) To Regulate Extracurricular Activities.—Local boards of education shall make all rules and regulations necessary for the conducting of extracurricular activities in the schools under their supervision, including a program of athletics, where desired, without assuming liability therefor; provided, that all interscholastic athletic activities shall be conducted in accordance with rules and regulations prescribed by the State Board of Education.

N.C. Gen. Stat. § 115C-47 (2005). Thus, supervision of the school dance was a governmental function to which governmental immunity would apply. Moreover, "[b]y statute and under traditional common-law principles, . . . the superintendent and principal are agents of the board." *Abell v. Nash County Bd. of Education*, 71 N.C. App. 48, 53, 321 S.E.2d 502, 506 (1984), *disc. review denied*, 313 N.C. 506, 329 S.E.2d 389 (1985).

A public official may only be held personally liable when his tortious conduct falls within one of the immunity exceptions: 1) the conduct is malicious; 2) the conduct is corrupt; or 3) the conduct is outside the scope of official authority. *Epps v. Duke Univ., Inc.*, 122 N.C. App. 198, 205, 468 S.E.2d 846, 851-52, *review denied*, 344 N.C. 436, 476 S.E.2d 115 (1996). A public employee, on the other hand, is not entitled to such protection. *Meyer v. Walls*, 347 N.C. 97, 489 S.E.2d 880 (1997). A public official is one whose position is created by the N.C. Constitution or the N.C. General Statutes and exercises some portion of sovereign power and discretion, whereas public employees perform ministerial duties. *Block v. County of Person*, 141 N.C. App. 273, 540 S.E.2d 415 (2000).

*Mabrey v. Smith*, 144 N.C. App. 119, 122, 548 S.E.2d 183, 186, *disc. review denied*, 354 N.C. 219, 554 S.E.2d 340 (2001). "Discretionary acts are those requiring personal deliberation, decision and judgment; duties are ministerial when they are absolute, certain, and imperative, involving merely the execution of a specific duty arising from fixed and designated facts." *Hare v. Butler*, 99 N.C. App. 693, 700, 394 S.E.2d 231, 236, *disc. review denied*, 327 N.C. 634, 399 S.E.2d 121 (1990) (internal quotation marks omitted). Our general statutes describe the duties of a school principal, including:

(e) To Discipline Students and to Assign Duties to Teachers with Regard to the Discipline, General Well-being, and Medical Care of Students.—The principal shall have authority to exercise discipline over the pupils of the school under policies adopted by the local board of education as prescribed by G.S. 115C-391(a). The principal shall use reasonable force to discipline students under G.S. 115C-390 . . .

N.C. Gen. Stat. § 115C-288 (2005). In addition, N.C. Gen. Stat. § 115C-390 authorizes principals to "use reasonable force in the exercise of lawful authority to restrain or correct pupils and maintain order." N.C. Gen. Stat. § 115C-390 (2005). Further, "school personnel may use reasonable force, including corporal punishment, to control behavior or to remove a person from the scene in those situations when necessary. . . ." N.C. Gen. Stat. § 115C-391 (2005). These statutes make clear that a principal's decision to use reasonable force in order to maintain discipline at a school dance is a discretionary act.

Because supervising the school dance was a governmental function, and Nicholson was acting in his capacity as a public official

when he removed Webb from the cafeteria window, governmental immunity bars Nicholson from personal liability for negligence. Accordingly, the trial court did not err in granting Nicholson's motion for judgment on the pleadings.

Affirmed.

Judges HUNTER and BRYANT concur.